**ORIGINAL**

COGAN, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 20-519**

-----------------------------------------------X

COMPLAINT AND

JURY DEMAND

CYNTHIA WALKER

Plaintiffs,

v.



The City of New York, New York City Administration for

Children's Services (ACS), Jeanette Vega, individually and

As ACS case manager, Lottie Henderson, individually and as

ACS manager, Wanda Fraser, individually and as ACS caseworker,

Richard Nandalall, individually and as ACS caseworker, Marlee

Galvez, individually and as ACS lawyer, Alan Sputz, individually

And as supervisor of Marlee Galvez, Cynthia Lopez, individually and as

Supervisor of Marlee Galvez.

Defendants

-----------------------------------------------X

Now comes the plaintiffs, Cynthia Walker, individually and as parent and natural guardian of the infant S.S., and files the Complaint against the Defendants in their individual and official capacity and thereby respectfully shows the Court as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action, pursuant to 42 U.S.C. Section 1983, in which plaintiffs seek damages to redress the deprivation, under color of state law, of rights secured to them under the First,

# STATEMENT OF FACTS

On June 1, 2018, plaintiff Cynthia Walker called 911 at 10:59pm. She was taken by ambulance to Woodhull Hospital and treated for alcohol intoxication.

Four other adults— Tessa Zompanis Citera, Giovanni Citera, and Giovanni Citera's parents were present. Plaintiff's daughter, plaintiff S, was not allowed to stay with any of these people and was taken first to a police precinct and then to Woodhull Hospital, in spite of no injuries or harm.

Plaintiff Walker was admitted to Woodhull Hospital at approximately midnight and released at approximately 7am. ACS seized plaintiff child S fifteen minutes prior to plaintiff Walker's release.

On June 4, 2018, plaintiff Walker consented to the temporary release of plaintiff child S to her father, David Snyder. Plaintiff child S was not placed with him, and remains legally in the care and custody of the Commissioner of ACS.

On June 17, 2018 plaintiff Walker entered alcohol treatment at Heartshare St. Vincent's, 66 Boerum Place in Brooklyn. Plaintiff Walker was not diagnosed as an alcoholic in substance abuse screening, but completed full course of alcohol abuse treatment with full compliance anyway on November 21, 2018.

Heartshare St. Vincent's is an agency which contracts with ACS.

Plaintiff Walker signed a HIPPA release for Heartshare St. Vincent's to communicate freely with ACS regarding plaintiff Walker.

ACS caseworker Wanda Fraser contacted Barbara Simmons and Lynette Greene of Heartshare St. Vincent's and received favorable updates regarding plaintiff Walker, which she communicated to the Family Court in court-ordered progress reports.

On December 5, 2018 defendant Wanda Fraser signed a court ordered report stating that plaintiff Walker was "due to graduate" from alcohol treatment, and that her therapist, Lynette Greene had "no concerns" for her, after a diagnosis of adjustment disorder and anxiety from domestic violence.

On December 6, 2018—24 hours later—Wanda Fraser signed an Amended Petition put forth by ACS. She sighed—under oath, as sole deponent—Amended Petition stating that plaintiff Walker was *not* in an alcohol rehabilitation program, and had mental health issues but refused therapy.

Defendant Fraser has never submitted another report to the court, or corrected her false statements in Amended Petition.

But for the false and misleading Amended Petition, and continued maintenance of allegations in same, plaintiff child S would have been returned to the care of plaintiff Walker more than a year ago.

Fourth, and Fourteenth Amendments to the United States Constitution. Plaintiffs also seek damages for the deprivation of their rights under New York Law. Defendants interfered with the Plaintiff Child's care and custody, and restricted their access to their parent, the adult Plaintiff, without consent, probable cause, or due process of law where restricted from access to Plaintiff Child.

2. Plaintiffs bring these claims under the laws of the United States and for violation of their rights, including unlawful seizure, malicious prosecution, and procedural due process violation from the continued removal of the child from care under false pretenses, substantive due process violations, custodial interference, and negligence.

## JURISDICTION

3. Jurisdiction is conferred on this court by 28 U.S.C. 1343(3) and (4), which provide for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. 1983. Jurisdiction is also conferred by 28 U.S.C. 1331 (a) because the case arises under the Constitution and laws of the United States. Pursuant to 28 U.S.C. 1367, this court has pendent jurisdiction over Plaintiff's state law claims.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. 1391 (b) and (c).

## PARTIES

5. Plaintiff S.S., child by parent and natural guardian Plaintiff Cynthia Walker, at all times mentioned herein, is a resident of the City of New York, County of Kings.

6. Plaintiff Cynthia Walker, individually, at all times mentioned herein, is a resident of the City of New York.

7. Defendant Wanda Fraser, at all timess mentioned herein, is sued individually and as a caseworker with ACS.

8. Defendant Richard Nandalall, at all times mentioned herein, is sued individually and as a caseworker with ACS.

9. Defendant Lottie Henderson, at all times mentioned herein, is sued individually and as a case manager with ACS.

10. Defendant Jeanette Vega, at all times mentioned herein, is sued individually and as a case manager with ACS.

11. Defendant Marlee Galvez, at all times mentioned herein, is sued individually and as a lawyer with ACS.

12. Defendant Cynthia Lopez, at all times mentioned herein, is sued individually and as supervisor with ACS.

13. Defendant Alan Sputz, at all times mentioned herein, is sued individually and as a supervisor with ACS.

14. At all times mentioned herein, upon information and belief, Defendant New York City's Administration for Children's Services (ACS), was and continues to be, authorized by New York State law to investigate complaints of child abuse and neglect and to care for children remanded to foster care. Children remanded to foster care are in the legal custody of the Commissioner of ACS.

15. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State or City of New York.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in the scope of their employment.

17. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment.

FIRST CAUSE OF ACTION: INADEQUATE TRAINING AND SUPERVISION

Plaintiffs repeat and re-allege the forgoing.

Defendants City provided grossly inadequate and unprofessional training and supervision for their agents and employees regarding:

A investigating child abuse and neglect cases

B proper documentation of any evidence used to determine whether there exists probable cause to believe that the care of a parent presents an imminent danger to the child's life or health;

C. The constitutional rights of parents and children in child welfare investigations.

D. the rights of parents to be free from abuse of process.

E. providing proper services for children in their care.

Defendants City knew or should have known that their employees were improperly trained and supervised in said issues.

Defendants City knew or should have known that their employees would confront said issues in their work and that, without training, would make the wrong decisions on said issues.

By reason of their lack of training, Defendants Nandalall, Fraser, Henderson, Vega, and Galvez improperly detained the plaintiff child S.S.

By reason of their lack of training, all Defendants detained child Plaintiff from adult Plaintiff and then restricted the child's access to their parent, without adequate notice to Plaintiffs, without adequate investigation, and without due process of law.

As a result of Defendant's actions, the adult Plaintiff suffered the loss of the custody and care and guidance of her child; the child plaintiff suffered her loss of liberty and was deproved of the care and guidance of her mother; and both plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish and depression.

SECOND CAUSE OF ACTION: FAILURE TO PROVIDE DUE PROCESS

Plaintiffs reallege and incorporate by reference the prior paragraphs.

When defendants were obligated by Social Services law to evaluate Adult Plaintiff's parenting skills, defendants entered into a special relationship with the child S.S. that imposed upon defendants an affirmative duty to care for and protect S.S. under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Defendants breached that duty. Defendants actions and omissions were a substantial departure from the exercise of reasonable professional judgment, practice, and standards, were grossly negligent, and amounted to a deliberate indifference to Plaintiff's health. As the plaintiff child was in the custody of defendant City, defendant had a special relationship with the child, and owed her a duty of adequate supervision.

Defendant City had a duty to use the highest degree of care in supervising children placed in their care, including the child plaintiff.

Defendant City breached this duty. Defendants actions and omissions were a substantial departure from the exercise of a reasonable professional judgment, practice, and standards, were grossly negligent and amounted to deliberate indifference to the plaintiff child's health and welfare.

Defendants acted with deliberate idifference to and callous disregard of repeated and clear indications that there was no basis for plaintiff child's continued detention, and plaintiff child's extreme distress, poor hygiene, and educational neglect.

Defendants failed to ensure the saftey and well-being of the child while they were supervising her because they did nothing when they found out there was no basis for the child's continued detention, and that she was suffering, thereby proximately causing her substantial and unnecessary emotional harm from the continued separation from her mother.

By virtue of the foregoing, the Caseworker Defendants, the Lawyer defendant, and the supervisor defenants deprived Plaintiff Child of rights protected by the Due Process Clause of the United States Constitution.

S.S's substantive due process rights were clearly established constitutional rights at the time of Defendant's acts and omissions, and a reasonable individual would have known that their acts and omssions would violate these clearly established constituitional rights.

By reason of the foregoing, the Child Plaintiff suffered significant pain and suffering, terror, mental anguish and anxiety.

THIRD CAUSE OF ACTION: INTERFERENCE WITH PARENT'S CUSTODY OF MINOR CHILDREN

Plaintiff realleges and incorporate by reference prior paragraphs.

By detainiing the child Plaintiff from adult plaintiff, all defendants unlawfully interfered with plaintiff's custody of her minor child.

As a result of defendants' actions, the adult plaintiff has suffered the continued loss of the custody of and restricted access to the child; the plaintiff child suffered the loss of liberty and the care and guidance of her mother, and all plaintiffs suffered extreme humiliation. Pain and suffering, terror, mental anguish and depression.

## FOURTH CAUSE OF ACTION: UNLAWFUL SEIZURE

Plaintiffs reallege and incorporate by reference all prior paragraphs.

By refusing to make a service plan, verify voluntarily completed services and continuing the removal and detention of the Plaintiff Child, defendants unlawfully imprisoned Plaintiff Child.

As a result of Defendants actions, the Plaintiff Cynthia Walker suffered the loss and restrictions on her parental access to her child.

As a result of defendants actions, the adult plaintiff suffered the loss of the care and custody and guidance of her child; the plaintiff child suffered the loss of liberty and was deprived of the care and guidance of her mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish and depression.

## FIFTH CAUSE OF ACTION: SPECIAL DUTY OF CARE

Plaintiffs reallege and incorporate by reference all prior paragraphs.

All of the defendants prolonging the detainment of the child Plaintiff constitutes gross breaches of said duty and gross deviations from accepted professional standards.

As a result of Defendants' actions, the adult plaintiff suffered the loss of the care and custody and guidance of her child; the child plaintiff suffered loss of liberty and was deprived of the care and guidance of her mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish and depression.

## SIXTH CAUSE OF ACTION: CUSTODIAL INTERFERENCE

All prior paragraphs are realleged and incorporated by reference herein.

The actions of omissions of all the Defendants caused the custodial interference of Plaintiff to maintain unrestricted access to her child, the infant Plaintiff, herein in violation of her rights.

These unlawful acts were caused by the acts and/or omissions of the Defendants complained of herein.

Plaintiff was denied the enjoyment of her child's company even though no service plan requirements were set, and Plaintiff completed voluntary services as condition for return of child by statute.

Even after discovery of all service completion, defendants continued to keep the child from her mother during some of her most formative years.

## SEVENTH CAUSE OF ACTION; 42 U.S.C. 1983/Deliberate Indifference:Due Process

(Against All Defendants)

Each of the foregoing paragraphs is hereby repeated and incorporated by reference as if fully set forth herein.

All of the Defendants acted under color of New York State law.

S.S. had a constitutional right to be free from unjustified intrusions on her personal liberty, privacy, and security, in the form of physical and psychological abuse, while in government custody.

S.S. had a constitutional right to be protected from physical and psychological injury while in government custody.

Defendants failed to supervise S.S. properly while she was in state care. She suffered extreme emotional distress and anxiety, but was not provided with an appropriate therapist. She suffered from poor hygiene and educational neglect. Defendants reckless screening and investigation and monitoring of plaintiff child's placement was a substantial factor leading to the denial of the constitutionally protected liberty, privacy, and personal security interests of S.S., and her substantive due process right to protection from harm in which she continued to be separated from her mother.

The failure of City Defendants to supervise the foster care system, as described above, was so widespread as to demonstrate a deliberate indifference to the needs of children placed in foster care that it constituted a municipally sanctioned custom or policy.

These policies concerning the supervision of children in foster care were conducive to violations of constitutional rights and they played a substantial part in the denial of S.S.'s constitutional rights.

Defendants knew or should have known that inadequate supervision was likely to result in the violation of constitutional rights of S.S. and others in foster care.

Defendants knew or should have known that a failure to supervise and failure to act to remedy the inadequate oversight of New York City's foster care system would lead to violations of the constitutional rights of S.S. and others in foster care.

Defendants had an obligation to provide S.S. with necessary and competent therapeutic treatment while in government custody, appropriate and adequate education and hygiene.

Defendants knew that they did not make a referral to a therapist, that S.S. has persistently poor hygiene, and that she was brought late to school more than 100 times.

Defendants deliberate indifference to S.S. needs has prolonged her suffering, neglect, trauma, and illegal detention.

By reason of their acts and omissions, Defendants, acting under color of state law, in gross and wanton disregard of S.S.s rights, deprived S.S. of her liberty, privacy, and security, and her right to be free from unjustified intrusions on her personal security, in violation of the Fourteenth Amendment to the United States Constitution.

As a result of defendants' failures, S.S. was subjected to repeated pain and suffering, terror, mental anguish, anxiety, and mental injuries from continued separation from her mother, and her mother suffered from the continued separation from her child.

EIGHTH CAUSE OF ACTION
Negligence
(Against All Defendants)

Each of the foregoing paragraphs is hereby repeated and incorporated by reference as if fully set forth herein.

The Defendants had a duty to care for the health, safety, and well-being of children in foster care.

As S.S. was in the custody of the City Defendants, they had a special relationship with S.S. and owed her a duty of adequate supervision.

The Defendants had a duty to use the highest degree of care in supervising foster children, including S.S.

The Defendants breached this duty by their reckless screening, investigation, and supervision of David Snyder, and their continued placement of S.S. in his care after they discovered trauma, neglect of hygiene, and educational neglect, and no risk to S.S. if returned to her mother. Defendants continued to traumatize S.S. by denying and restricting her access to her mother, after they knew it harmed her, and for no good cause.

In failing to return S.S. to her mother, Defendants failed to exercise reasonable care in supervising S.S.

As a result of the failures of the defendants, and the breach of their duty, S.S. was subjected to extended foster care placement and separation from her mother.

As a result of the failures of the aforementioned defendants, S.S. suffered terror, mental anguish, anxiety, and mental injuries.

PRAYER FOR RELIEF

Wherefore, S.S., child by her parent and natural guardian Cynthia Walker, individually, pray that this court enter Judgment against all of the Defendants jointly and severally:

Awarding Plaintiff S.S. compensatory damages in the amount of TEN MILLION DOLLARS ($10,000,000)
Awarding Plaintiff Cynthia Walker individual compensatory damages in the amount of TEN MILLION DOLLARS ($10,000,000)
Awarding Plaintiffs reasonable attorneys fees pursuant to 42 USC 1988
Awarding Plaintiffs costs and disbursements of this action
Awarding such other and further relief as the Court seems just and proper

DEMAND FOR TRIAL BY JURY

Plaintiffs hereby respectfully request a trial by jury for all claims and issues in its Conplaint to which it is or may be entitled to a jury trial.

Respectfully submitted,

Cynthia Walker

*Cynthia Walker* (signature)

New York, New York
January 28, 2020

domestic violence address
Confidentiality program:
ACP 3544
P.O. Box 1110
ALBANY, NY 12201-1110

TO:

Wanda Fraser, CPS caseworker
Administration for Children's Services
150 Williams Street
New York, NY. 10038

Lottie Henderson
Administration for Children's Services
150 Williams Street
New York, NY 10038

Jeanette Vega
Administration for Children's Services
150 Williams Street
New York, NY 10038

Richard Nandalall
Administration for Children's Services
150 Williams Street
New York, NY  10038

Marlee Galvez
Administration for Children's Services
150 Williams Street
New York, NY. 10038

Cynthia Lopez
Administration for Children's Services
150 Williams Street
New York, NY. 10038

Alan Sputz
Administration for Children's Services
150 Williams Street
New York, NY. 10038