C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
CYNTHIA WALKER,                                                  :
                                                                 :
                              Plaintiff,                         :
                                                                 :   **MEMORANDUM DECISION**
              - against -                                        :   **& ORDER**
                                                                 :
THE CITY OF NEW YORK, *et al*.,                                  :   20-cv-519 (BMC) (PK)
                                                                 :
                              Defendants.                        :
---------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff *pro se* brings this § 1983 action on behalf of herself and her infant daughter, S.S., for defendants' actions in removing S.S. from plaintiff's custody. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's claims on behalf of S.S. are dismissed because a non-attorney *pro se* plaintiff may not represent another person in court. Plaintiff's claims brought on her own behalf against all defendants except Wanda Fraser are also dismissed because plaintiff fails to allege sufficient facts to state a cause of action as to those defendants. Plaintiff's claims against Wanda Fraser may go forward. Plaintiff has 20 days from the entry of this order to file an amended complaint, if she so chooses.

**BACKGROUND**

As alleged in the complaint, plaintiff *pro se* called for an ambulance to take her to the hospital for alcohol poisoning. Plaintiff was admitted to the hospital at approximately 12:00 a.m. and released from the hospital at approximately 7:00 a.m. the same day. Plaintiff's daughter, S.S., was brought to the hospital during plaintiff's treatment, but the New York City Administration for Children's Services ("ACS") "seized [S.S.] fifteen minutes prior to" plaintiff's release. Two days later, plaintiff consented to the temporary release of S.S. to the

child's father.  However, S.S. was never placed with her father and she "remains legally in the care and custody of the Commissioner of ACS."

About two weeks after her release from the hospital, plaintiff entered an alcohol treatment program with an agency that contracts with ACS, though she was not diagnosed as an alcoholic during her substance abuse screening.  Plaintiff completed the program with full compliance several months later.  Throughout plaintiff's treatment, ACS caseworker Wanda Fraser was in contact with the program's staff regarding plaintiff's progress.  According to plaintiff, Fraser "received favorable updates regarding plaintiff . . . which she communicated to the Family Court in court-ordered progress reports."

Upon plaintiff completing the program, Fraser signed and submitted a court-ordered report stating that plaintiff was "due to graduate" from alcohol treatment and that her program therapist had "no concerns" about plaintiff's mental or emotional status.  The next day, without explanation, ACS submitted an amended report, signed by Fraser, stating that plaintiff was *not* in an alcohol rehabilitation program and *did* have mental health issues but refused therapy.

Plaintiff alleges that "[b]ut for the false and misleading Amended Petition, and continued maintenance of allegations [therein], plaintiff child [S.S.] would have been returned to the care of plaintiff Walker more than a year ago."  She therefore brings claims for "unlawful seizure, malicious prosecution, and [failure to provide] procedural due process from the continued removal of the child from care under false pretenses," in violation of the First, Fourth, and Fourteenth Amendments, against ACS employees Jeanette Vega, Lottie Henderson, Wanda Fraser, Richard Nandalall, Marlee Galvez, Alan Sputz, and Cynthia Lopez.  She also brings claims for inadequate training and supervision against the City of New York and ACS, as well as state claims for negligence and breach of "special duty of care."

**DISCUSSION**

*Pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, they must still plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the Court assumes all factual allegations contained in the complaint to be true, this principle is "inapplicable to legal conclusions." Id.

Additionally, even though federal law affords parties a statutory right to "plead and conduct their own cases, 28 U.S.C. §1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves." Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted). It is also well-settled in this Circuit that a non-attorney parent cannot appear on behalf of his or her child. See Berrios v. New York City Hous. Auth., 564 F.3d 130, 133 (2d Cir. 2009); Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990).

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

3

A claim alleging deprivation of constitutional rights under 42 U.S.C. § 1983 requires that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). Furthermore, a plaintiff must show that each of the named defendants was personally involved in the wrongdoing or misconduct of which plaintiff complains. See Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)).

Municipal liability under 42 U.S.C. § 1983 arises when the challenged action was taken pursuant to a municipal policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-95 (1978). Furthermore, to state a claim against a municipality for failure to train, a plaintiff must establish "[a] pattern of similar constitutional violations by untrained employees . . . to demonstrate deliberate indifference." Connick v. Thompson, 563 U.S. 51, 62 (2011).

Here, as an initial matter, plaintiff *pro se* is not a licensed attorney, and so she may not represent her daughter in this case. See Berrios, 564 F.3d at 133; Iannaccone, 142 F.3d at 558; Cheung, 906 F.2d at 61. Therefore, all of the claims brought by plaintiff on S.S.'s behalf are dismissed without prejudice.

Turning to the claims against the City of New York and ACS, plaintiff has alleged neither an unconstitutional policy or custom nor that these defendants' employees have engaged in a "pattern of similar constitutional violations." Connick, 563 U.S. at 62. Although plaintiff alleges that defendants

> provided grossly inadequate and unprofessional training and supervision for their agents and employees regarding: (a) investigating child abuse and neglect cases; (b) proper documentation of any evidence used to determine whether there exists probable cause to believe that the care of a parent presents an imminent danger to

4

> the child's life or health; (c) the constitutional rights of parents and children in child welfare investigations; (d) the rights of parents to be free from abuse of process; and (e) providing proper services for children in their care,

this is not a pattern of similar actions that could plausibly evidence a policymaker's "continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees." See id. (quoting Bd. of Cty. Comm'rs of Bryan Cty., Okla v. Brown, 520 U.S. 397, 407 (1997)). Rather, these are vague, conclusory statements that cannot, standing alone, form the basis of a federal claim. See Iqbal, 556 U.S. at 681 ("[T]he allegations are conclusory and not entitled to be assumed true."). Thus, the claims against the City of New York and ACS are dismissed as well.[1]

That leaves plaintiff's various claims against the ACS employees. Though perhaps unrefined at this point in the litigation, plaintiff has provided enough facts to make out a plausible cause of action against Wanda Fraser for purposes of 28 U.S.C. § 1915(e)(2)(B). At bottom, she alleges that Fraser, without due process and by dishonest means, has deprived plaintiff of custody of her daughter. Because parents have a well-settled, "constitutionally protected liberty interest in the care, custody and management of their children," Southerland v. City of New York, 680 F.3d 127, 142 (2d Cir. 2012); see Troxel v. Granville, 530 U.S. 57, 65-66 (2000), the alleged facts tend to demonstrate that Fraser's actions "deprived [plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." See Cornejo, 592 F.3d at 127.

---

[1] In any event, because ACS is an agency of the City of New York, it is not a suable entity under the New York City Charter. See N.Y.C. Admin. Code & Charter Ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); see also Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007).

5

However, plaintiff does not offer facts sufficient to proceed against any of the other ACS defendants. Indeed, none of them were even mentioned in the complaint's Statement of Facts section. Although some of these defendants make an appearance in the numbered causes of action, plaintiff fails to lay the factual groundwork to even suggest that any of the "named defendants was personally involved in the wrongdoing or misconduct complained of." See Farrell, 449 F.3d at 484.

## CONCLUSION

Plaintiff's claims on behalf of S.S. are dismissed, as are plaintiff's own claims against the City of New York, ACS, Jeanette Vega, Lottie Henderson, Richard Nandalall, Marlee Galvez, Alan Sputz, and Cynthia Lopez. In light of plaintiff's *pro se* status, the Court will permit plaintiff to file an amended complaint within 20 days from the date of this Order, for the purpose of alleging any additional facts supporting the conclusion that the dismissed defendants were personally responsible for violating plaintiff's constitutional rights. The amended complaint must be labeled "Amended Complaint" and include the index number of this case (20-cv-519). This amended complaint will completely replace plaintiff's original complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

									_____
									U.S.D.J.

Dated: Brooklyn, New York
          February 9, 2020